[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S APPEAL FROM FAMILY SUPPORT MAGISTRATE
This is an appeal from the decision of a Family Support Magistrate brought under General Statutes 46b-231 (m).
On February 23rd, Edward Onofrio was found in contempt of Court by a Family Support Magistrate and incarcerated until he paid $2000 "in cash, bank check, certified check, or money order to the warden of the County Jail" on an arrearage found and fixed at $13,700. He was jailed and not presented again before the court within seven (7) days. His court appointed counsel then appealed the matter to a Judge of the Superior Court pursuant to 46b-231(n) CT Page 7591 of the statutes.
The defendant first appealed on the basis that there was insufficient evidence to warrant his incarceration even if he were in contempt. That issue became moot when he was released from incarceration.
The defendant concedes that the only issue on appeal is whether Connecticut General Statutes 46b-231(m)(7) requires an incarcerated contemnor to be brought before each successive session of the Family Support Magistrate, or, if no other session is scheduled, at the latest a special session of the Superior Court, within seven (7) days. The court holds such a person is not required by Section 46b-231(m)(7) to so be returned to court.
The State of Connecticut first argued that the issue on appeal was moot when Mr. Onofrio was released from jail. The court reviewed the criteria in Shays v. Local Grievance Committee,197 Conn. 566, 572 (1985). It determined that (1) the issue was one of importance; (2) there is a potential continuing effect on the important operations of the court enforced system of family support in the State; and (3) there was the distinct possibility of a similar effect on Mr. Onofrio in the future. The case is certainly one otherwise "capable of repetition yet evading review" Shays, supra. It is thus one which presents an actual case or controversy which is not moot and over which the court has jurisdiction, and one which this court having heard will now determine.
The first sentence of subsection (7) states that "Family Support Magistrates shall enforce orders for child and spousal support entered by such family support magistrate and by the Superior Court in IV-D support cases by citing an obligor for contempt."
The State argues that the language in 46B-231(m)(7) requiring presentment within seven days of someone who is jailed for failure to post a bond or recognizance refers to appearance bonds only. The State also maintains later language in the statute, to wit: "A Family support Magistrate may determine whether or not an obligor is in contempt of the order of the superior court or of a family support magistrate and may make such orders as are provided by law to enforce a support obligation, . . ." gave the magistrate the authority to act as he did in this case.
The State further maintains that 51-33 of the statutes CT Page 7592 permits such a magistrate to imprison a person for contempt of court for six (6) months.
The Court agrees that the family magistrate has the power to deprive a person in contempt of his liberty for an unspecified period of time; Perry v. Perry, 222 Conn. 799 (1992), if that person is found in contempt, without the need to present the incarcerated person at the next magistrate's support session or at least weekly before the court.
Mr. Onofrio on the other hand maintains that language in subsection (7) of the statute is controlling, permitting family magistrates to require the obligor to furnish a recognizance bond to the Superior Court in the form of a cash deposit or bond of such character and such amount as a family support magistrate deems proper to assure appearance at the next regular session in the family support magistrate division in the judicial district in which the matter is pending[1]. He contends that language requires, if the obligor is in contempt, and a family support magistrate determines to send him to a community correctional center until he has complied, that "the obligor shall be heard at the next regular session of the family support magistrate division in the court to which he was summoned." Onofrio further maintains that according to statute "If no regular session is held within 7 days of such referral, the family support magistrate shall either cause a special session of the family support magistrate division to be convened, or the obligor shall be heard by a superior court judge".
There is a logical purpose in the statutory language requiring that a person who does not post an "appearance" bond be brought back from jail to the next session, because unlike the person who has posted an appearance bond, he is not otherwise physically free to leave the jail and go to the magistrate's court himself. There is no such logical imperative where a contempt is found. The contemnor has already been heard. There would be no common sense need to bring him back as often as each day to be heard again at each successive session on a matter that has already been heard and adjudicated.
The Court agrees with the State that this statutory bring back requirement deals only with "a bond to assure appearance at the next regular session of the family magistrate division." A bond posted to insure someone's appearance is distinct from an order jailing a person who is found in contempt unless he pays all or part of an arrearage. The first occurs under a specific statutory CT Page 7593 grant of power, but the second under general grant of statutory authority, which is not subject to the same statutory strictures as the first. There was a $500.00 appearance bond put on Mr. Onofrio at the time of his first appearance when he was permitted to leave the courtroom and confer in a jury room, which the magistrate later vacated on the same day. However, in a distinct and separate action, the magistrate ordered Mr. Onofrio to jail unless he purged himself by payment of $2000 on a $13,700.00 arrearage.
Later language in the statute empowers the family support magistrate to "make such orders as are provided by law to enforce a support obligation". It permits by its terms "incarceration of an obligor for failure to obey a support order" so long as a court appointed attorney is provided in an appropriate case. Perry v. Perry, supra, determined that the contempt power conferred on the family support magistrate in 46b-231(m)(7) does not unconstitutionally encroach on the power of the judiciary or violate the principle of separation of powers provided by the State Constitution. Because the power to imprison a recalcitrant citizen for disobedience of a lawful command "is not distinctly a judicial power; it may be exercised by administrative as well as judicial officers. . .". Perry v. Perry, supra.
This court holds that by its terms the statutory requirement found in 46b-231(m)(7) of the statutes requiring a jailed person to be brought back before the magistrate or a judge at least every seven days or earlier if sessions are earlier held, applies only to bonds or recognizances to "assure appearance at the next regular session of the family support division." The law does not similarly require that frequency of reappearance of such a person if he has been jailed for contempt after a hearing. Nothing in the legislative history betrays any contrary legislative intent.
The defendant alternatively has argued that the state and federal constitutions require the person in contempt to be brought back as often as the statute requires for a person who is unable to post an appearance bond. He has failed to sustain his burden of proof beyond a reasonable doubt on these constitutional claims.
The appeal is dismissed.
FLYNN, J.